1     Alison Berry Wilkinson (SBN 135890)
2     **RAINS, LUCIA & WILKINSON LLP**
          2300 Contra Costa Blvd., Suite 230
3     Pleasant Hill, CA 94523
          Tel:  (925) 609-1699
4     Fax:  (925) 609-1690
          Email: awilkinson@rlwlaw.com
5

6     Attorneys for Plaintiff
          RON BRUCKERT and all Consentors
7

8     Richard C. Bolanos, Bar No. 111343
          rbolanos@lcwlegal.com
9     Greg Groeneveld, Bar No. 163833
          ggroeneveld@lcwlegal.com
10    **LIEBERT CASSIDY WHITMORE**
          A Professional Law Corporation
11    153 Townsend Street, Suite 520
          San Francisco, CA 94107
12

13    Attorneys for Defendant
          CITY OF CONCORD
14

15

16                    IN THE UNITED STATES DISTRICT COURT

17              FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RON BRUCKERT** ) | Case Number:  C06-06920 BZ |
| ) | |
| Plaintiff,  ) | **JOINT CASE MANAGEMENT** |
| )  | **STATEMENT AND** ~~PROPOSED~~ |
| v.  ) | **ORDER** |
| ) | |
| **CITY OF CONCORD**  ) | Date:  2/12/2007 |
| ) | Time:  4:00 p.m. |
| Defendant.  ) | Courtroom:  G |
| ) | Judge:  Hon. Bernard Zimmerman |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

1

1          **DESCRIPTION OF THE CASE**

2     **1.  A brief description of the events underlying the action:**

3          This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. section 210 *et*

4     *seq.* , and involves claims for overtime compensation made by sworn members of the Concord

5     Police Department.  This action has been filed as a colletive action under the Fair Labor

6     Standards Act (FLSA), 29 U.S.C. section 216(b).

7          Plaintiffs contend that Defendant City of Concord has failed to properly compensate its

8     police officers for work performed.  At this time, Plaintiffs are seeking overtime compensation

9     for the time spent donning and doffing the required protective gear and uniform.  Plaintiff

10    reserves the right to add additional FLSA claims should additional pay practice violations be

11    revealed during discovery.  Defendants reserve their right to oppose such additions.

12         Defendant City of Concord contends that its pay practices are in compliance with the

13    FLSA.  Defendant contends that such activities are excluded form the ambit of the FLSA by 29

14    U.S.C. section 204(o), that they are legally *de minimus,* and that they are within the exclusions

15    created by the Portal to Portal Act (29 U.S.C. section 251 *et seq.*)

16    **2.     The principal legal issues which the parties dispute**

17         (a)     Whether the City's compensation practices comply with the FLSA;

18         (b)     How the applicable work period selected by the City under the FLSA impacts

19         the City's payment of overtime for the work Plaintiff's claim they performed but for

20         which they did not receive compensation;

21         (c)     The scope of exceptions created by 29 USC 203(o).  What activities are and are

22         not legally *de minimus* and over the scope of the exclusions created by the Portal to

23         Portal Act (29 USC 251 *et seq.*) and the interpretation of 29 USC 207(k).

24    **3.     The principal factual issues which the parties dispute**

25         a.  The specific tasks performed by officers performing the activities for which they

26         seek overtime compensation;

27

28

                                        2

*Ron Bruckert v. City of Concord*
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

       b.  The amount of time spent by officers performing the activities for which they seek overtime compensation.

**4.    The other factual issues which remain unresolved**

There are no known other factual issues related to service of process, personal jurisdiction, subject matter jurisdiction, or venue which remain unresolved.

**5.    The parties which have not been served and the reasons**

All parties have been served.

**6.    The additional parties which the below specified parties intend to join and the intended time frame for such joinder**

Plaintiffs anticipate filing the consent forms of other individuals who are similarly situated and who performed work as a police officer for the City of Concord within the last three years. Plaintiff anticipates that such all such consents will be filed within three to six months. Defendant reserves the right to oppose such filings.

**7.    The following parties consent to assignment of this case to a United States Magistrate Judge for trial:**

All Plaintiffs. Defendant City of Concord.

## ALTERNATIVE DISPUTE RESOLUTION

This matter has been ordered to this Court's ADR Multi-Option Program, and the parties have agreed to participate in mediation.

The parties are aware that this court has ordered mediation to take place in 90 days from the date of the signing of the Order. The parties respectfully request that the court reconsider the deadline.

This matter involves 127 separate plaintiffs, each with an individual and distinct overtime claim. While the gear worn by classes of Plaintiffs may be essentially identical, the amount of FLSA time worked per pay period, the time in assignment and the rate of pay will differ for each plaintiff. Therefore, calculation of claimed damages is extremely complex and cannot be completed within 90 days.

*Ron Bruckert v. City of Concord*
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1       The parties respectfully request that this court grant more time for the completion of

2   mediation and consider the proposed schedule below.

3       Counsel have discussed extensively what information will be needed to conduct a

4   meaningful mediation. The parties have agreed that Defendant will provide payroll data for

5   each plaintiff for the three years prior to the filing of this lawsuit no later than 30 days after this

6   CMC. Plaintiffs will provide Defendant with an estimate of damages along with the

7   calculations used within 30 days of receiving the payroll data from each Defendant.

8       Once the parties have exchanged information regarding claimed damages, each counsel

9   will be allowed to proceed with limited pre-mediation depositions as outlined below.

10  **DISCLOSURES**

11      **Plaintiff:** Plaintiff has disclosed in its legal filings the names of all consenting parties

12  to this action. Plaintiffs further have disclosed that the following information in the possession

13  of Defendant is necessary in order to properly calculate damage estimates:

14      a. Electronic payroll and time and attendance records;

15      b. Documents sufficient to show the plaintiff's job classifications, job assignments,

16        supervisors and work shifts;

17      c. All documents describing the organizational structure of Defendant as are

18        necessary to identify the Defendant's chain of command, stations, sub-stations,

19        major areas of responsibility, districts, sectors, and beats.

20      d. All payroll manuals and time and attendance manuals used by Defendant;

21      e. All documents maintained by Defendant for each Plaintiff and consenter:

22          i. Relating to use of compensatory time, including, but not limited to,

23            documents referencing compensatory time balances, compensatory time

24            usage, and compensatory time expiration.

25          ii. Relating to paid leave, including, but not limited to, documents

26            referencing paid leave balances, paid leave usage, paid leave expiration,

27            and leave of absence reports.

28

4

*Ron Bruckert v. City of Concord*
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

iii. Relating to pay details, including, but not limited to, all paychecks and pay stubs Defendant maintains for each Plaintiff, payroll reports, and overtime reports.

f. All documents, if any, related to a partial overtime exemption under section 207(k) of the FLSA, the employees for whom the exemption was established, the work period(s) selected by Defendant, and the starting date and time of the first section 207(k) election.

g. All schedules used by Defendant, showing when, if overtime was worked during certain days, the overtime would be paid.

h. All documents in effect relating to the timing of payments for overtime. This request encompasses, but is not limited to, all documents showing in general terms a schedule as to when overtime worked on particular dates would be paid, as well as all documents showing specifically when overtime worked by Plaintiffs on particular dates was paid by Defendant.

i. All documents relating to the minimum amount of work necessary before the Defendant will compensate an employee for the time worked.

**Defendant**: Pursuant to F.R.C.P. 26(a)(1) Defendant will disclose the following:

Below is a list of individuals, other than plaintiffs, currently known to Defendant, who may have discoverable information that Defendant may use to support its claims or defenses.

Chief David Livingston

Former Police Chief Ronald Ace

Captain Stuart Roloson

Sergeant Russ Norris

Lieutenant Dave Chilimidos

Lieutenant Andrew Gartner

Captain Dan Siri

5

1    Sergeant Brandon Richey

2    Sergeant Mark Ernst

3    Lawrence Chiu (Financial Operations Manager)

4    Greg Jones (Former Human Resources Director, now City Manager, City of Chico,

5    411 Main Street, Chico, CA (530) 896-7200.)

6    Cheri Rosenquist (Human Resources Director)

7    Ron Puccinelli (Director of Information Technology)

8    Rob Evans (Systems and Programming Manager, Police Department;

9    formerly responsible for Police Information Technology)

10   Dan Becker

11   William Mertens (Senior Human Resources Analyst)

12       2.      Defendant has conducted a diligent search of their records and will produce

13   copies of documents, as identified below, in the possession, custody or control of

14   Defendant that Defendant believes may support its claims or defenses.

15   Defendant will provide, through a means negotiated with Plaintiffs' counsel and

16   pursuant to their Joint Case Management Conference Statement, electronically stored

17   payroll information. Such information is kept on a Lawson system. Defendant keeps

18   a Computer Aided Dispatch System made by Planning Research Corporation which

19   the City believes is running on a "VAX" computer, the electronic output of which is

20   highly specialized. This system may provide information on the time officers spend on

21   and off duty.

22       Defendant will produce, with its disclosure, the following documents:

23

24

| Bates Number(s) | Date | Description | Pages |
|---|---|---|---|
| CPD 0003–0004 | 1/4/07 | Concord Police Departmental Regulations Administrative Instruction Uniform 20 – Patrol Bureau Staffing and Deployment | 2 |
| CPD 0005–0007 | 1/4/07 | Concord Police Departmental Regulations General Order 90 – Respiratory Protection Devices | 3 |
| CPD 0008–0009 | 1/4/07 | Concord Police Departmental Regulations General | 2 |

25

26

27

28

6

| | | | Order 63 – Protective Vests | | |
|---|---|---|---|---|---|
| CPD 0010–0011 | 1/4/07 | | Concord Police Departmental Regulations General Order 11 – Personnel Appearance Standards | | 2 |
| CPD 0012–0021 | 1/4/07 | | Concord Police Departmental Regulations General Order 39 – Authorized Duty Firearms, Off Duty Firearms, and Accessory Equipment | | 10 |
| CPD 0022–0034 | 1/4/07 | | Concord Police Departmental Regulations General Order 3 – Uniform Specifications and Policies | | 13 |
| CPD 0035-0047 | 1/11/07 | | Concord Police Departmental Regulations General Order 38 – Uniform and Equipment Specifications and Polices | | 13 |
| | 7/9/00 | | Memorandum of Understanding between the City of Concord and the Concord Peace Officer Representation Unit Concord Police Association (available via internet at http://www.ci.concord.ca.us/hr/mou-index.htm) | | |
| CPD 0048–0050 | 10/1/06 | | CSAC – Excess Insurance Authority 2006-2007 Optional Excess Liability Membership by Layer | | 3 |
| PD 0051-0068 | 7/1/00 | | Memorandum of Coverage for the CSAC Excess Insurance Authority | | 18 |
| CPD 0069 - 10818 | | | City of Concord Police Department Electronic Timecard Payroll Documents | | 10750 |

Defendant identifies as privileged, the documents identified below.

| Bates Number(s) | Date | Description | Category | Pages |
|---|---|---|---|---|
| CPD 0001–0002 | 1/4/07 | Memo from Sergeant Russ Norris to David Livingston, Chief of Police to Answer Attorney Questions Regarding Issues in Litigation | Privileged – Attorney-Client; Attorney Work Product | 2 |

      3.     Defendant is unable to provide a computation of damages claimed by the Plaintiffs in this matter.

      4.     Defendant will produce a copy of insurance agreements which most closely approximate the documents called for within this requirement.

## DISCOVERY

Counsel have met and conferred regarding discovery and disclosure including the production of electronically stored information and the format for production of such information. Except as specifically stated in this document, the parties have agreed that, for Pre Mediation Discovery, electronic production of such information will not be required. The

7

parties have agrees to conduct discovery in two stages: Pre Mediation Discovery and Post Mediation Discovery.

The parties agree that inadvertent disclosure of material which is covered by any applicable legal privilege will not constitute a waiver of such privilege. If such material is received by counsel, they will, upon learning of the privileged nature or the claimed privileged nature of such document, immediately take measures to avoid gaining further knowledge, directly or indirectly, of the document's contents and will meet and confer with producing counsel in an effort to reach agreement on how any privilege issues regarding the document should be resolved. If agreement is not reached between counsel, receiving counsel shall either return such document or sequester such document or those portions of the document which may be subject to the applicable privilege and counsel asserting the privilege shall file an application with the court for a ruling on the question of the privileged status of said document. This agreement applies to meta data contained in any electronically produced records.

Counsel agree that it is not necessary to include on any privilege log correspondence between counsel and their clients or documents produced in response to the direction or request of counsel.

**Pre Mediation Discovery will consist of the following:**

1.    Each side will disclose the following information:

    A.    Defendant will provide three years of payroll information for each plaintiff including information as to the assignments of each plaintiff for that period. To the extent possible with reasonable efforts, Defendant will provide this information in electronic form. This will occur within 30 days of this CMC.

    B.    For each Plaintiff, Plaintiff's counsel will provide Defendant with their estimate of claimed damages along with the calculations used to reach that estimate within 30 days of receiving the data described in "1.A" above.

8

that estimate within 30 days of receiving the data described in "1.A" above.

    C.    Each side will provide a copy of all policies, general orders, ordinances, or other provisions it claims governed the putting on and taking off of gear during the three years prior to the filing of this complaint.

2.    Within 60 days of this CMC, Plaintiffs will disclose the witness most knowledgeable about following aspects of the issues in this litigation: donning and doffing of gear for each sub class of Plaintiffs. The parties currently anticipate the following subclasses: General Patrol, Canine, Swat, Motorcycle. The same witness may be disclosed for more that one topic. Defendants will disclose the witness most knowledgeable about Payroll, Human Resources, Police Department Operations.

3.    Each side will be allowed to take a deposition of each of the witnesses disclosed by the other side.

4.    Each side will be responsible for supplementing responses to these answers, as required by the FRCP.

**If necessary, post mediation discovery will proceed as follows:**

The parties have discussed general principals regarding post-mediation discovery but believe that proposing a final post-mediation discovery plan will not be practical until after the mediation ahs occurred. The parties request that the Court order a Further CMC for a date in September 2007, at which the Court will approve a post-mediation discovery plan and set a trial date.

///

///

///

9

*Ron Bruckert v. City of Concord*
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1                             **TRIAL SCHEDULE**

2          The parties request that the Court order a further CMC following mediation (i.e., for a

3 date in September 2007) at which a further discovery plan and trial date would be established

4 for any issues, claims, or plaintiffs that remain in the action.

5

6                            Respectfully submitted,

7 Dated: February 5, 2007

8                            RAINS, LUCIA & WILKINSON LLP

9                            By:      Alison Berry Wilkinson

10                            Attorneys for Plaintiff Bruckert and all consentors

Dated: February 5, 2007

11                            LIEBERT CASSIDY WHITMORE

12

13

14                            By:      Greg Groeneveld

                            Attorneys for Defendant City of Concord

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10

*Ron Bruckert v. City of Concord*
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as
the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:  February 12, 2007

_____
The Honorable Bernard Zimmerman
United States District Court Judge

Further CMC scheduled for <u>September 17, 2007 at 4:00 p.m.</u>  Supplemental statements
due one week before.

40243.2 CO286-010

11

*Ron Bruckert v. City of Concord*
**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

1  **PROOF OF SERVICE**

2  Case Name:  *Ron Bruckert v. City of Concord*
   United States District Court for the Northern District of California
3  Case No.: C06-06920 BZ

4       I, Maggie Bedig, am a citizen of the United States, and am over 18 yeas of age.  I am

5  employed in Contra Costa County and am not a party to the above-entitled action. My business

6  address is Rains, Lucia & Wilkinson LLP, 2300 Contra Costa Blvd., Suite 230, Pleasant Hill,

7  California 94523.  On the date set forth below I served a true and correct copy(ies) of the

8  following document(s):

9       **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

10
11  upon all parties addressed as follows and said service was effected as indicated below:

12  ☒    VIA ELECTRONIC MAIL:  I attached a true and correct copy thereof in PDF
            format to an electronic mail message transmitted to the electronic mail address
13          indicated below.

14          Rick Bolanos, Esq.           rbolanos@rcwlegal.com
            Greg Groenveld, Esq           ggroeneveld@lcwlegal.com
15          Liebert Cassidy Whitmore
            153 Townsend St., Ste. 520
16          San Francisco, CA 94107

17  ☒    VIA U.S. MAIL – I placed true and correct copies of the above-referenced
18          document(s) in a sealed envelope, properly addressed to the above-named
            parties, with postage prepaid in a receptacle regularly maintained by the United
19          States Post Office.

20
21          Mark Coon, City Attorney
            City of Concord
22          1950 Parkside Drive
            Concord, CA 94519-2526
23

24       I declare under penalty of perjury under the laws of the State of California that the

25  foregoing is true and correct and was executed on February 5, 2007 at Pleasant Hill, California.

26
27                                      Maggie Bedig
28

                                        1

PROOF OF SERVICE